# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRANK MURPHY,

    Plaintiff,

  v.                                                    Case No. 19-CV-1232

WISCONSIN CENTRAL LTD.,
a Delaware Corporation, d/b/a
CANADIAN NATIONAL RAILWAY COMPANY,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION
## TO EXCLUDE EVIDENCE AND TESTIMONY

Wisconsin Central, Ltd. ("the railroad") moves to exclude evidence and testimony from two of Frank Murphy's proffered expert witnesses—Jeff Opp, an expert on the subject of Murphy's alleged lost wages and future earning capacity (Docket # 42) and Michele Albers, an expert on the subject of Murphy's alleged lifetime care needs and the cost of those needs (Docket # 45). The railroad does not challenge the qualifications of either expert under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); rather, it argues that Murphy failed to timely disclose both experts' reports and thus the evidence should be excluded as a sanction under Fed. R. Civ. P. 37. For the reasons explained below, the railroad's motions to exclude Opp's and Albers' reports and testimony are denied.

## BACKGROUND

On June 4, 2021, the Court granted the parties' seventh request for an extension of time until August 13, 2021 to disclose expert witnesses. Rebuttal experts were to be disclosed by October 1, 2021. Murphy timely disclosed both Opp and Albers as expert

witnesses on that date. (Declaration of James D. Helenhouse ("Opp Helenhouse Decl.") in Support of Opp Motion, Ex. A, Docket # 42-1.) As to Opp, however, Murphy stated that Opp "underwent a surprise medical procedure in July that prevented him from finishing his report in time to disclose with this disclosure" and stated that Opp's report would be disclosed as soon as it was complete. (*Id.*) Opp produced his initial report on September 16, 2021 (Opp Helenhouse Decl., Ex. B) and a supplemental report on October 15, 2021 (Opp Helenhouse Decl, Ex. C). As to Albers, Murphy produced a preliminary report on August 13, 2021 (Declaration of James D. Helenhouse ("Albers Helenhouse Decl") in Support of Albers Motion, Ex. A, Docket # 45) and two supplemental reports on October 29, 2021 (Albers Helenhouse Decl., Exs. B, C).

## ANALYSIS

1. *Relevant Legal Standards*

Fed. R. Civ. P. 26(a)(2)(B) provides that an expert witness disclosure must be accompanied by a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Rule 26(e)(1) provides that a party must timely supplement or correct its disclosure if the party learns that some material is incomplete or incorrect, or if the additional information has not otherwise been made known to the parties during discovery. Rule 26(e)(2) extends a party's duty to supplement to those experts whose report must be disclosed under Rule 26(a)(2)(B). As a sanction for failure to comply with Rule 26, Rule 37(c)(1) provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The court of appeals acknowledges that it has stated that the sanction of exclusion under Rule 37 "'is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *David v. Caterpillar*, Inc., 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998)). The *David* court, however, noted that "we also have stated '[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *Id.* (quoting *Mid–America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). As such, "'we shall affirm the judgment of the district court whenever we believe that the district court chose an option that was among those from which we might expect a district court reasonably to choose.'" *Id.* (quoting *Salgado*, 150 F.3d at 739).

The *David* court instructed that the district court "'need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," *id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)); however, the court's discretion should be guided by the following factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date, *id.*

  2.  *Application to This Case*

The railroad moves to exclude the expert reports and testimony of both Opp and Albers as a sanction under Rule 37 for Murphy's alleged violations of Rule 26. I will address each expert in turn.

### 2.1 Opp

Murphy timely disclosed Opp's name and the nature of his testimony; however, he did not disclose the expert report until approximately one month later on September 16, 2021. In the August 13, 2021 expert disclosure, however, Murphy stated that Opp underwent an unexpected medical procedure in July that prevented him from timely completing his report and assured that it would be disclosed as soon as it was complete. Again, Opp's report was disclosed on September 16, 2021, approximately one month past the August 13 deadline. Opp produced a supplemental report with "additional information" on October 15, 2021. (Docket # 42 at 1.)

The railroad argues that Murphy's late disclosure of Opp's reports was neither justified nor harmless. It argues there was "considerable surprise to WCL" since Opp's reports were disclosed "so late in the discovery window." (*Id.* at 3.) The railroad also argues that there is "little likelihood" Murphy can cure this late disclosure, since no party has requested leave of the Court to extend the discovery window. The railroad argues there is "considerable likelihood" of disruption to trial because trial will likely need to be put off further in a case that has now been pending for more than two years, inflicting additional costs on the parties. (*Id.*) And finally, the railroad assumes Murphy is acting in bad faith because he has produced more than one expert report late without asking the Court for leave or asking the railroad for acquiescence. (*Id.*)

None of the railroad's asserted reasons warrant the sanction of exclusion under Rule 37. While the railroad asserts that it was "surprised" by the late disclosure of Opp's report, it is unclear why. Murphy specifically informed the railroad in the August 13, 2021 disclosure that Opp experienced an unexpected medical procedure the month prior and because of

this, had not timely completed the report. He then disclosed the report about one month later. Opp then timely supplemented his report, as Rule 26(e)(2) requires. Furthermore, the ability to cure any prejudice to the railroad is high. The railroad asserts that Opp was scheduled for deposition on November 15, 2021. (Docket # 42 at 3 n.2.) If further discovery is necessary based on Opp's deposition, leave of court may be requested. And while the railroad argues that an extension will disrupt trial, no trial has yet been scheduled in this case. While I agree this case should move forward expeditiously, the case's delay was not the result of Murphy's actions alone. Rather, the parties *jointly* requested the seven extensions to the Court's scheduling order, due in great part to complications related to the ongoing COVID-19 pandemic. And I do not find that Murphy acted in bad faith or willfully in the late disclosure. Rather, it was circumstances out of Murphy's control, namely Opp's medical issues, that necessitated the late disclosure. Murphy informed the railroad of this fact and disclosed the report approximately one month later. None of these actions indicate Murphy acted in bad faith. Thus, the railroad's motion to exclude evidence and testimony from Opp is denied.

      2.2     Albers

On August 13, 2021, Murphy produced a preliminary report for Albers and two supplemental reports on October 29, 2021. The railroad argues that her "preliminary report" offered no opinions, but stated what the expert "may" do or opine at a later date. (Docket # 44 at 1.) These opinions were contained in the supplemental reports produced two and a half months later on October 29, 2021. (*Id.*) The railroad argues that the timely, but incomplete, disclosure and subsequent untimely disclosures caused considerable surprise to the railroad since Albers offers "an outlandish opinion" that Murphy needs life care in

5

excess of $5,000,000 when his own expert, Dr. Pollack, opined that he suffered only minor soft tissue injuries. (*Id.* at 3.) Otherwise, the railroad offers the same reasons as it does for Opp regarding delay of the case and bad faith in support of its motion to exclude Albers. (*Id.* at 3–4.)

Murphy contends that at the time of the August 13, 2021 disclosure, important medical information necessary for Albers to complete her report was not available. (Docket # 46 at 1.) Specifically, Dr. Pollack's report was not complete until August 20, 2021 and Dr. Wu's report was not complete until August 13, 2021. (*Id.*) Albers did not receive these reports until August 30, 2021, and then needed to obtain additional information from Murphy and Dr. Wu to complete her report. (*Id.*) She then immediately disclosed the reports as soon as they were completed, again, approximately two and a half months after the due date. (*Id.*)

As with Opp, I do not find Murphy's initially incomplete and subsequent untimely disclosures warrant the sanction of exclusion of Albers' testimony and reports. While the railroad may have been surprised by the number Albers opined, Murphy alerted the railroad to the fact that her report on August 13, 2021 was preliminary. Furthermore, as explained above, I will permit further limited discovery upon the parties' request to address these late disclosures. Otherwise, no trial date has been set and the case has been delayed due to multiple requests by *both* parties. For these reasons, the railroad's motion to exclude evidence and testimony from Albers is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion to exclude evidence and testimony from Jeff Opp (Docket # 42) is **DENIED**.

6

Case 2:19-cv-01232-NJ   Filed 04/20/22   Page 6 of 7   Document 68

**IT IS FURTHER ORDERED** that defendant's motion to exclude evidence and testimony from Michele Albers (Docket # 44) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to seal (Docket # 43) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 20th day of April, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge